```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

UNIVERSAL ENGINEERING AND
CONSTRUCTION INC.,

    Plaintiff,

    v.                         CIVIL NO.: WDQ-11-1590

TRAVELERS CASUALTY & SURETY
COMPANY OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

On June 10, 2011, Universal Engineering & Construction, Inc. ("Universal") filed a complaint against Travelers Casualty & Surety Company of America ("Travelers"). For the following reasons, the Court must dismiss the complaint without prejudice.

I. Background

On June 17, 2011, Universal served a summons and complaint on the Insurance Commissioner of Maryland ("the Commissioner") because Travelers is an out-of-state insurance company.[1] ECF No. 6 Attach. 1 at 3. On July 7, 2011, the Commissioner returned

---

[1] Under Fed. R. Civ. P. 4(e)(1), Universal may serve Travelers by following the procedure for serving a summons in Maryland's Circuit Courts. Under Md. Code. Ann. Ins. § 4-107, out of state insurers must appoint the Insurance Commissioner of Maryland as "attorney for service of process issued against the insurer in the State." Accordingly, in this action service on the Maryland Insurance Commissioner would have been proper.

the summons and complaint because Universal had failed to pay the filing fee. *Id.* at 1.

Universal states that its counsel "placed a request for the . . . fee with his secretary," but did not follow up, and the request was not processed. ECF No. 6 ¶5.

On October 18, 2011, the Court ordered Universal to show cause why the complaint should not be dismissed for failure to timely serve Travelers. ECF No. 5. On November 1, 2011, Universal explained the oversight. It acknowledged that "good cause to waive the 120-day requirement of [Fed. R. Civ. P.] 4(m) does not arise merely because of the possibility that [its] claims will be time-barred" if the Court dismisses them, and requested that the Court defer dismissal, issue a new summons, and grant a 30 day extension for plaintiff to effect service despite the lack of good cause for its failure to effect service. ECF No. 6 at 2-3. Travelers has not been served.

II. Discussion

Under Fed. R. Civ. P. 4(m), if the plaintiff does not serve the defendant within 120 days after filing the complaint, the Court:

> must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Rule, formerly at Fed. R. Civ. P. 4(j), was amended in 1993 when it became Rule 4(m). The 1993 Advisory Committee notes state that the Rule gives courts discretion not to dismiss under the provision "even if there is no good cause shown."

In 1995, the Fourth Circuit held that Rule 4(m) *requires* dismissal if the plaintiff does not show good cause for the delay; the court did not address the Advisory Committee notes. *Mendez v. Elliott*, 45 F.3d 75, 78 (4th Cir. 1995). In 1996, the Supreme Court noted, in *dicta*, that 4(m) gives district courts discretion to extend time for service even if good cause is not shown. *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996). The Fourth Circuit has not addressed *Henderson* in published opinions, but in unpublished opinions it has followed it. *E.g. Giacomo-Tano v. Levine*, No. 98-2060, 1999 WL 976481 at *2 (4th Cir. Oct. 27, 1999) ("Even if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service.").

District courts in the Fourth Circuit have largely followed *Henderson* and the advisory committee's view of Rule 4(m).[2]

---

[2] *See Tenenbaum v. PNC Bank Nat'l Assoc.*, No. DKC-10-2215, 2011 WL 2038550 at *3 n.2 (D. Md. May 24, 2011) (citing eight district court opinions "doubting *Mendez*"); *Williams v. CompUSA*, No. ELH-10-2219, 2011 WL 2118692 at *2 (D. Md. May 27, 2011); *Hai Xu v. FMS Fin. Solutions, LLC*, No. ELH-11-3196, 2011 WL

However, in 1999, the Fourth Circuit adhered to *Mendez*, despite its conflict with *Henderson*. *Scruggs v. Spartanburg Reg'l Med. Ctr.*, 198 F.3d 237 (table), 1999 WL 957698 at *2 n.2 (4th Cir. Oct. 19, 1999) (unpublished).[3]

Although the Advisory Committee notes and some district court opinions suggest that tolling the statute of limitations may be a basis for extending time without a showing of good cause for the failure to timely serve the defendant,[4] controlling Fourth Circuit precedent requires this Court to dismiss such a case. *Mendez*, 45 F.3d at 78; *Scruggs*, 1999 WL 957698 at *2 n.2.

---

2144592 at *2 (D. Md. May 31, 2011); *Tann v. Fisher*, No. PWG-11-0121, 2011 WL 2678593 at *5 (D. Md. July 8, 2011).

[3] "Although [*Henderson's*] observation [that Rule 4(m) permits extension of time for service even if there is no good cause for the failure to serve] was not a holding by the Supreme Court, we regard the Court's statement as persuasive as to the meaning of Rule 4(m)." *Scruggs*, 1999 WL 957698 at *2. In a footnote, the court stated that "it is questionable whether we would even have the authority, as a panel, to overrule our court's precedent in *Mendez*, given that the Supreme Court's statement in *Henderson* . . . was *dicta*." *Id.* at *2 n.2.

[4] "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action." 1993 Advisory Committee note to Fed. R. Civ. P. 4(m), *quoted with approval in In re Richards*, 172 F.3d 44 (table), 1999 WL 26913 at *3 (4th Cir. Jan. 25, 1999) (unpublished); *see also Tann v. Fisher*, No. PWG-11-0121, 2011 WL 2678593 at *5 (D. Md. July 8, 2011) (the court need not dismiss if statute of limitations would bar re-filed action (citing *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996))). *But see Akrinade v. Serv. Am. Corp.*, 211 F.3d 1264 (table), 2000 WL 472907 (4th Cir. 2000) (unpublished) (per curiam) ("Fed. R. Civ. P. 4(m) does not provide relief from time defenses such as statute of limitations." (citing *Mendez*, 45 F.3d at 78)).

4

If the Court dismissed the complaint, the Statute of Limitations would bar refiling.[5] Universal has acknowledged that it cannot show good cause for its failure to serve Travelers. ECF No. 6 ¶6 ("Plaintiff realizes that good cause to waive the 120-day requirement of Rule 4(m) does not arise merely because of the possibility that Plaintiff's claims will be time-barred if dismissed without prejudice."). Under Fed. R. Civ. P. 4(m), the Court "must dismiss the action without prejudice . . . or order that service be made within a specified time." *Mendez* constrains the Court to dismiss this action despite the Advisory Committee note. See *Scruggs*, 1999 WL 957698 at *2 n.2.

III. Conclusion

For the reasons stated above, the Court will dismiss the complaint without prejudice.

_11/30/11_  
Date

_William D. Quarles, Jr._  
United States District Judge

---

[5] Universal alleges a violation of the Miller Act, 40 U.S.C. § 3133. ECF No. 1 ¶13. The Miller Act carries a one year statute of limitations that begins to run the day after the last day on which plaintiff performed labor or supplied material. 40 U.S.C. §3133(b)(4). Universal alleges that it stopped working on August 9, 2010. ECF No. 1 ¶7.